Robert L. PEPPER, Plaintiff– Appellant,

v.

Riley DARNELL, Secretary of State; Steven D. Adams, Treasurer; Beth Robertson, Assistant Coordinator of Elections; Diane Driskill, Administrator of Elections, Cocke County, Tennessee, Defendants–Appellees.

No. 01–5529.

United States Court of Appeals, Sixth Circuit.

Dec. 10, 2001.

Before MOORE and COLE, Circuit Judges; O'MEARA, District Judge.*

*ORDER*

This is an appeal from a judgment for the defendants in this civil rights action brought under 42 U.S.C. § 1983 and the National Voter Registration Act, 42 U.S.C. § 1973gg(9)(b) ("NVRA"). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Robert Pepper filed a civil rights action against various officials of the State of Tennessee seeking declaratory, injunctive and monetary damages for their alleged improper refusal to permit Pepper to register to vote. The defendants subsequently moved for dismissal or for summary judgment, in a motion containing evidentiary material, and the district court granted the motion.

Pepper argues on appeal that the district court erred in finding that the registration forms used by the State of Tennessee do not violate the NVRA and in failing to certify a class represented by Pepper. An appellate court reviews the grant of a motion to dismiss or for summary judgment de novo. *Michigan Bell Tel. Co. v. Climax Tel. Co.*, 202 F.3d 862, 865 (6th Cir.2000) (motion to dismiss for failure to state a claim); *Richardson v. Township of Brady*, 218 F.3d 508, 512 (6th Cir.2000) (summary judgment). In addition, this court reviews a decision on a motion for class certification under Fed.R.Civ.P. 23

for an abuse of discretion. *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir.1988). An examination of the record and law in light of the foregoing standards shows that the district court's judgment must be affirmed in all respects.

The parties agree that Pepper is an itinerant worker who lives in his functioning automobile and receives his mail at a rented box in Del Rio, Cocke County, Tennessee, the same county in which he has registered his automobile. Pepper filed the present complaint in which he alleged, apparently quite accurately, that election officials in Cocke County refused to validate Pepper's attempt to register to vote by mail. The officials apparently asked Pepper to provide them with a specific physical location or address where he lived as Tennessee state law forbids accepting a rented mail box as the address of the potential voter. Pepper refused, steadfastly insisting that his Cocke County automobile registration (with the rented mail box serving as the appropriate address) provided sufficient proof of residency under the NVRA. Pepper pursued Tennessee state agency appeals, to no avail, and he filed this lawsuit against various Tennessee state elections officials. Pepper asks for money damages, injunctive and other relief, and he sought to have the district court certify a class that he would represent. The defendants moved for dismissal or summary judgment by motion with attached evidentiary materials. The district court granted the motion, finding that Tennessee state law in this regard accurately reflected the mandates of the NVRA, and declined to certify a class. This appeal followed in which Pepper takes issue with the judgment in its entirety.

The crux of this litigation is the legality of Tennessee's requirement that one regis-

---

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

tering to vote provide a specific physical location as an address, regardless of the transient lifestyle of the potential voter. The Code of Federal Regulations contains guidelines by which a state must implement the provisions of the NVRA. The states are initially directed that they "shall accept, use, and make available the form described in this section." 11 C.F.R. § 8.3(c). Specifically, Section 8.4(a)(2) of Chapter 11 directs that:

(a) Information about the applicant.

The application shall provide appropriate fields for the applicant's:

(2) Address where the applicant lives including: street number and street name, or rural route with a box number; apartment or unit number; city, town, or village name; state; and zip code; with instructions to draw a locational map if the applicant lives in a rural district or has a non-traditional residence, *and directions not to use a post office box or rural route without a box number;*

(Emphasis added.)

Tennessee's procedure thus faithfully mirrors the requirements of the NVRA as codified in the Code of Federal Regulations. It cannot be said that the district court erred in so concluding.

Similarly, the court's refusal to certify Pepper as the representative of a class for purposes of this litigation was plainly not an abuse of discretion. This court reviews a district court's ruling on class certification for an abuse of discretion. *Stout v. J.D. Byrider,* 228 F.3d 709, 716 (6th Cir. 2000), *cert. denied,* 531 U.S. 1148, 121 S.Ct. 1088, 148 L.Ed.2d 963 (2001). Fed. R.Civ.P. Rule 23(a) lists four prerequisites for class certification: 1) the class must be so numerous that joinder of all members is impracticable; 2) common questions of law or fact must be present among the class; 3) the claims of the representative party must be typical of the class; and, 4) the

representative party must be able to protect fairly and adequately the interests of the class. *Id.* at 717. In this case, no representative party was available as the indigent Pepper, acting in his own behalf, was clearly unable to represent fairly the class.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.